IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 3:08-cv-00074 |
| Plaintiff, | ) ) ) | COMPLAINT |
| v. | ) ) | |
| R.S. BRASWELL COMPANY, INC. d/b/a BOBCAT OF MONROE | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and retaliation, and to provide appropriate relief to Derrick Lockhart who was adversely affected by such practices. The U.S. Equal Employment Opportunity Commission ("the Commission") alleges that Defendant R.S. Braswell Company, Inc. d/b/a Bobcat of Monroe ("Defendant") discriminated against Derrick Lockhart by subjecting him to racial harassment that created a racially hostile work environment because of his race, African-American. The Commission further alleges that Defendant discriminated against Mr. Lockhart by discharging him because he complained to Defendant about the racial harassment.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Monroe, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Derrick Lockhart filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From around May 2005 until around August 2005, Defendant engaged in unlawful employment practices at its Monroe, North Carolina facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). Specifically, Defendant discriminated against Derrick Lockhart based on his race, African-American, by subjecting him to severe or pervasive

racial comments and/or conduct that created a racially hostile work environment. The racial comments included name-calling such as "nigger," and "blackie," all of which were unwelcome to Mr. Lockhart, as well as the recitation of offensive jokes and stereotypes about African-Americans. The harassment was perpetrated by Mr. Lockhart's co-workers. Although Mr. Lockhart complained to Defendant about the racial harassment several times in or around June and July 2005, and Defendant otherwise knew or reasonably should have known about the harassment, Defendant failed to take prompt or effective action to stop it.

8. On or about August 12, 2005, Defendant engaged in an unlawful employment practice at its Monroe, North Carolina facility, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by discharging Derrick Lockhart because he opposed employment practices made unlawful by Title VII. Specifically, Mr. Lockhart complained about the racial harassment described above in paragraph 7 in or around June and July 2005, and Defendant discharged him in retaliation for complaining about the racial harassment.

9. The effect of the practices complained of in paragraph 7 has been to deprive Derrick Lockhart of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, African-American.

10. The effect of the practice complained of in paragraph 8 has been to deprive Derrick Lockhart of equal employment opportunities and otherwise adversely affect his status as an employee because of his opposition to practices made unlawful under Title VII.

11. The unlawful employment practices complained of in paragraphs 7 and 8 were intentional.

12. The unlawful employment practices complained of in paragraphs 7 and 8 were done with malice or with reckless indifference to the federally protected rights of Derrick Lockhart.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a racially hostile work environment or from any other employment practice that discriminates on the basis of race, and from retaliating against employees who oppose unlawful discrimination, make a charge of unlawful discrimination, or participate in an investigation of unlawful discrimination.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for African-Americans, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Derrick Lockhart by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described in paragraphs 7 and 8, including but not limited to reinstatement or front pay.

D. Order Defendant to make whole Derrick Lockhart by providing compensation for past and future pecuniary losses resulting from unlawful employment practices described in paragraphs 7 and 8 above, in amounts to be determined at trial.

E. Order Defendant to make whole Derrick Lockhart by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8, including but not limited to emotional pain, suffering, inconvenience, loss of

enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

  F. Order Defendant to pay Derrick Lockhart punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this the 25th day of February, 2008.

        Respectfully submitted,

        RONALD S. COOPER
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        1801 L Street, N.W.
        Washington, D.C. 20507

        s/ Lynette A. Barnes_____
        LYNETTE A. BARNES (NC Bar # 19732)
        Regional Attorney

        TINA M. BURNSIDE
        Supervisory Trial Attorney

        s/ Darryl L. Edwards_____
        DARRYL L. EDWARDS (PA Bar I.D. # 205906)
        Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
(704) 344-6875 (Direct Dial)
(704) 344-6870 (Facsimile)
Darryl.Edwards@eeoc.gov

ATTORNEYS FOR PLAINTIFF