A.

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 3:08-cv-00074 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| R.S. BRASWELL COMPANY, INC. d/b/a BOBCAT OF MONROE | ) ) ) | |
| Defendant. | ) ) | |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged that Defendant, R.S. Braswell Company, Inc., d/b/a Bobcat of Monroe ("Defendant"), discriminated against Derrick Lockhart by subjecting him to a racially hostile work environment because of his race, black. The Complaint also alleged that Defendant discharged Lockhart in retaliation for complaining about the racial harassment. Defendant filed an Answer to the Commission's Complaint in which it denied that it subjected Lockhart to a racially hostile work environment. Defendant also denied that Lockhart was discharged in retaliation for complaining about the racial harassment.

The Commission and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court. The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

It is therefore ORDERED, ADJUDGED, AND DECREED as follows:

1. Defendant shall not maintain a racially hostile work environment, or subject any employees to a racially hostile work environment in violation of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under that statute.

3. Defendant shall pay Lockhart the sum of twenty-one thousand dollars ($21,000.00) for settlement of the claims raised in this action. Defendant shall issue a check payable to "Derrick Lockhart" for compensatory damages. Defendant shall also issue Lockhart an IRS Form 1099 for the compensatory damages. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Lockhart at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment

Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery. Neither the Commission nor Defendant make any representation, or assume responsibility for any tax liability, assessments, interest, penalties and/or costs that Lockhart may or may not incur on such payments under local, state and/or federal law.

4. Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from the employment records of Derrick Lockhart any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 140-2005-08228, and the related events that occurred thereafter. Within fifteen (15) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the Commission.

5. Within ninety (90) days of the entry of this decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include, but not be limited to, the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against racial harassment; procedures for reporting racial harassment; Title VII's prohibition which forbids retaliation against employees who oppose racial harassment; and a procedure for the thorough and immediate investigation of employee complaints of racial harassment. Defendant shall distribute to each current employee a copy of the policy within the 90-day time period. Within one hundred (100) days of the entry of this Consent Decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

6. During the term of this decree, Defendant shall post a copy of the policy described in paragraph 5, *supra*, at its location in Monroe, North Carolina, the facility where the alleged harassment occurred, in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within ninety (90) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

7. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors, and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against racial harassment and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 5, *supra*, and an explanation of the rights and responsibilities of employees and managers under the policy. The first training program shall be completed within one hundred (100) days after the Court enters this Decree. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken, the date of the training, and a roster of all employees who attended.

8. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing for the duration of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A and hereby made a part of this Decree, in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree,

Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

        9.      During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following:

        A.      The name, address, telephone number, position, and social security number of each person who complains either verbally or in writing of unwelcome conduct, whether verbal or physical, which is based on race;

        B.      The name, address, telephone number, position, and social security number of each person who complains either verbally or in writing of retaliation;

        C.      The date of the complaint and to whom the complaint was made;

        D.      Detailed information regarding the substance of the complaint; and

        E.      What action, if any, was taken in response to the complaint.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

        10.      The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees, and examine and copy documents.

        11.      If anytime during the term of this Decree the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the

allegations. Thereafter, the parties shall have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

12. The term of this Decree shall be for three (3) years from its entry by the Court.

13. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte N.C., 28202.

14. Each party shall bear its own costs and attorney's fees.

15. This Court shall retain jurisdiction of this case for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

**SO ORDERED.**

Signed: September 8, 2009

David S. Cayer
United States Magistrate Judge

The parties jointly request that the Court approve and enter this Consent Decree.

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff** | **R.S. BRASWELL COMPANY, INC. d/b/a BOBCAT OF MONROE, Defendant** |

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

**/s Lynette A. Barnes**
LYNETTE A. BARNES (NC Bar 19732)
Regional Attorney
E-mail: lynette.barnes@eeoc.gov

TINA BURNSIDE (WI Bar 1026965)
Supervisory Trial Attorney
E-mail: tina.burnside@eeoc.gov

**/s Darryl L. Edwards**
DARRYL L. EDWARDS (PA Bar 205906)
Trial Attorney
Email: darryl.edwards@eeoc.gov

Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.344.6875
Facsimile: 704.344.6780

**ATTORNEYS FOR PLAINTIFF**

**/s Joe P. McCollum, Jr.**
JOE P. McCOLLUM, JR.
Clark, Griffin & McCollum, LLP
238 East Franklin Street
P.O. Box 308
Monroe, NC 28111
Telephone: (704) 283-8148
Facsimile: (704) 289-6642
Email: joe@cgm-attys.com

**ATTORNEYS FOR DEFENDANT**

| | |
|---|---|
| EQUAL EMPLOYMENT ) | CIVIL ACTION NO. 3:08-cv-00074 |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **EMPLOYEE** |
| v. ) | |
| ) | **NOTICE** |
| R.S. BRASWELL COMPANY, INC. d/b/a ) | |
| BOBCAT OF MONROE ) | |
| ) | |
| Defendant. ) | |
| _____) | |

    1.    This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and R.S. Braswell Company, Inc. d/b/a Bobcat of Monroe in a case of discrimination based on race and retaliation. Specifically, the EEOC alleged that R.S. Braswell Company, Inc. discriminated against Derrick Lockhart by subjecting him to a racially hostile work environment because of his race, black, in violation of Title VII of the Civil Rights Act of 1964. The EEOC also alleged that R.S. Braswell Company, Inc. discharged Lockhart in retaliation for complaining about the racial harassment. Defendant denies it subjected Lockhart to a racially hostile work environment, or that he was discharged in retaliation for complaining about racial harassment.

    2.    Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

    3.    R.S. Braswell Company, Inc. will comply with such federal laws in all respects. Furthermore, it will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

    An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least three (3) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2012.

**Exhibit A**